**CROWELL et al. v. CAMMACK et al.**

No. 3684.

Court of Civil Appeals of Texas. Amarillo.
June 24, 1931.

Rehearing Denied July 11, 1931.

O. R. Tipps, of Silverton, for appellants.

C. B. Whitten and Farris Fish, both of Matador, for appellees.

HALL, C. J.

This is an appeal from an order of the district court denying an application for temporary injunction.

The plaintiffs instituted this action against the commissioners' court of Motley county, seeking to restrain the expenditure of certain funds which they show to be the proceeds of bonds which had been voted for road purposes. The orders for the election specified where and how the funds should be expended. The following order appears upon the minutes of the commissioners' court of Motley county: "It is hereby ordered by the commissioners' court of Motley County, Texas, in connection with the proposed election on the issuance of $250,000.00 special road bonds that in the event the bonds are ordered issued by the voters at the polls, the proceeds of such bonds shall be applied and used as follows: $100,-000.00 on Highway No. 28, running east and west through Motley County; $120,000.00 on Highway No. 18, running north and south through Motley County."

It is alleged that this order was entered on January 10, 1927, while the petition for the election was being circulated, and the purpose of the order was to settle in the minds of the voters the question as to how the funds would be expended, if voted. It is further alleged that a portion of the funds had been diverted and were being used for the construction of an entirely new road instead of improving the roads designated in the order and which existed upon the ground at the time the order was made.

No answer was filed swearing away the equities of the bill.

Under such circumstances the facts stated in the petition must be taken as true.

Upon presentation of the petition to the district judge, a temporary injunction was refused without a hearing.

The allegations in the petition are sufficient to show that the diversion of the funds from the purposes originally intended when the bonds were voted would be, in effect, a fraud upon the electorate in Motley county. We think the court should have granted the temporary injunction. Fletcher v. Howard (Tex. Civ. App.) 26 S.W.(2d) 444; Id. (Supreme Court) 39 S.W.(2d) 32; Black v. Strength, 112 Tex. 188, 246 S. W. 79; Heathman v. Singletary (Tex. Com. App.) 12 S.W.(2d) 150; Robbins v. Limestone County, 114 Tex. 346, 268 S. W. 915; Wright v. Allen (Tex. Civ. App.) 257 S. W. 980.

In the last case, it is held that pre-election orders made and entered by commissioners' courts in reference to a bond election must be treated as part of the contract between the court and the people of the county. The petition alleges that in addition to the order entered upon the minutes, the commissioners' court issued a pre-election pamphlet stating specifically how the $250,000 would be spent, representing that $100,000 would be spent on Highway 28, and $120,000 on Highway 18, and $30,000 upon lateral roads in Motley county. We think that counties, in dealing with their citizens, should be as fair and as honest as the citizens are expected to be in dealing with each other. Taking the facts alleged in the petition as true, the commissioners' court is violating and about to further violate the terms of a contract entered into with the electorate of the county in virtue of which the latter voted the bonds.

260

There is a further reason why the court erred in refusing the temporary injunction, in this: That if the $120,000 which the commissioners' court promised to apply upon Highway No. 18, thereby securing the votes of those who favored such expenditure, is spent upon other roads, there is no method of replacing that sum after this case has been decided upon its merits. The purpose of a temporary injunction is to preserve the status of the property or the subject-matter of the suit as it theretofore existed until a final hearing can be had on the merits. As stated in James v. E. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959, the law is well settled in this state that the purpose of the issuance of a temporary injunction is to maintain the status quo in regard to the matter in controversy and not to determine the respective rights of the parties under the cause of action asserted or defenses urged.

For the reasons stated, the judgment is reversed, and the cause remanded, with instructions to the trial court to forthwith grant the temporary injunction.

Reversed and remanded, with instructions.