

# THE ATTORNEY GENERAL
# OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

XXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Hon. Bill S. Watkins
County Attorney
Llano County
Llano, Texas

Dear Sir:

Opinion No. O-962
Re: Could "acquisition of right-of-way" be construed to include the fee charged by an engineer for making a survey of a road that is included in the call for the bond election?

We have your letter of recent date requesting an opinion on the above stated question.

We quote from your letter as follows:

"I am enclosing herewith a copy of a resolution passed by the Commissioners' Court of Llano County, Texas, prior to the passage of the bond issue mentioned in said resolution.

"Some time before said election a group of private citizens of this county hired a civil engineer to make a survey of the proposed Brady road mentioned in subdivision (a) of said resolution. These citizens agreed to pay said engineer when and if said survey should be approved by the Highway Department.

"The Engineers of the Highway Department approved said survey; and said bond issue having been voted by the people in the meantime, these citizens requested the county to pay the fee charged by said Engineer for said survey out of the bond money voted.

"The question arising in the mind of the writer was whether 'acquisition of right-of-way' could be construed to include fee charged by an engineer for making a survey of a road that is included in the call for the bond election. The Commissioners' Court is willing to pay this fee if they can legally pay same out of this bond money. I shall therefore appreciate very much your giving me your opinion on the legality of such a payment."

It is elementary that the funds derived from the sale of bonds may not be diverted from the purposes specified in the

proposition submitted to the electors. Aransas County v. Coleman-Fulton Pasture Company, 191 S.W. 553, Heathman v. Singletary, 12 S.W. (2d) 150, Huggins v. Baden, 259 S.W. 204.

It follows that where a departure from the proposition appearing on the ballot paper is alleged, the only question is whether the expenditure contemplated is within or without the proposition upon its true construction. Adams v. Mullen, 244 S. W. 1083.

Construing propositions to this end, it has been held by the courts that "road" includes a bridge constituting a necessary length in the road, and that "turnpikes" means hard-surfaced roads. Aransas County v. Coleman-Fulton Pasture Company and Adams v. Mullen, supra.

The Attorney General's office has held in an opinion written by the Honorable Scott Gaines, former Assistant Attorney General, that road bond money may be used in construction of the proper drains and ditches when such are appropriately and incidentally connected with the construction of the road proper.

And by an analogy of reasoning we see no reason why it would not be held that a survey is necessary in the "acquisition of the right-of-way."

Therefore, it is the opinion of this department that if the Commissioners' Court desires to pay the fee charged by the engineer for making a survey of the road, it may enter an order finding that the survey was necessary to the acquisition of the right-of-way, and may legally pay for same out of the bond money.

However, we want it clearly understood that we are not holding that the Commissioners' Court must assume the debt set out in your letter, but the fact that a survey is necessary to the "acquisition of a right-of-way", they may assume the debt if they so desire.

Trusting that this answers your question, we remain,

APPROVED JUL 14, 1939  
s/ W. F. Moore  
FIRST ASSISTANT  
ATTORNEY GENERAL  
APPROVED: OPINION COMMITTEE  
BY:       WRK, CHAIRMAN  
COB-s:wb

Very truly yours  
ATTORNEY GENERAL OF TEXAS  
By /s/ Claud O. Boothman  
Claud O. Boothman, Assistant