### THAYER et al. v. GREER et al.
#### No. 6045.

Court of Civil Appeals of Texas. Amarillo.
March 20, 1950.

Rehearing Denied April 24, 1950

Richard F. Stovall, Floydada, Brummett & Brummett, Lubbock, for appellants.

Ayres & Ayres; Enos T. Jones, Floydada, for appellees.

STOKES, Justice.

On January 12, 1948, upon a petition duly signed and presented to the Commissioners of Floyd County, an election was called and later held, which resulted in the voting and issuance of bonds of the county in the sum of $500,000, the proceeds of which were to be used for the construction of cer-

tain farm-to-market paved roads. The order calling the election designated eight roads of the county as being those which would be paved. On December 8, 1949, the date this suit was filed, four of the roads had been completed; contracts had been entered into for the construction of the remaining four and they were in the process of construction. The order contained the provision that the State Highway Department may participate in any roads to be improved with the proceeds of the bond issue to the extent and in any manner it desired. One of the roads designated by the order was described in paragraph "(c)" and is referred to in the record as the Pleasant Valley road; and another described in paragraph "(g)" is referred to as the Dougherty road. These are two of the roads that were under construction when the suit was filed and they constituted the subject-matter of a contract entered into between the Highway Commission and the Commissioners' Court of Floyd County to the effect that the Highway Commission would contribute $25,000 and the Commissioners' Court would contribute $84,600, making a total of $109,600, which was the estimated cost of constructing these two roads. There is a paved highway extending from Floydada in a westerly direction to the east line of Hale County and, on this highway, several miles west of Floydada, is a community called Sand Hill. In addition to the contribution of $25,000 above mentioned, the Highway Commission made a commitment to the Commissioners' Court under which it agreed to construct a paved road from Sand Hill north approximately four miles, thence east approximately one mile. Another community, known as Pleasant Valley, is located two miles east of the point where this road turns east and the road to be built by the Highway Commission, therefore, terminated one mile west of Pleasant Valley. The Pleasant Valley road designated in paragraph (c) of the order extends from Highway No. 70 at Lockney south to Pleasant Valley, a distance of 4½ miles. Thus it will be seen that, when the Pleasant Valley road is completed, there will be a gap in the pavement of one mile from Pleasant Valley west to the end of the pavement to

be laid by the Highway Commission on the Sand Hill road.

The contract between the Commissioners' Court and the Highway Commission, concerning the Dougherty and Pleasant Valley roads, was consummated through an application made to the Commission by the Commissioners' Court and an acceptance of it, or a commitment, by the Highway Commission. In the commitment it was provided that the Commissioners' Court of Floyd County would deposit the sum of $84,600 with the Highway Commission and that the Pleasant Valley road to be paved with the combined fund would extend from Highway No. 70 at Lockney south to Pleasant Valley school, thence west to the end of the proposed Sand Hill road, a distance of approximately 5½ miles. From this statement it will be seen that the gap of one mile between Pleasant Valley and the end of the pavement of the Sand Hill road was included in the contract and encompassed 5½ miles instead of terminating at Pleasant Valley and encompassing 4½ miles as designated in the order calling the bond election, and it involved an estimated additional expenditure of $8000 out of the combined fund established by the contributions of the Commissioners' Court and the Highway Commission.

The order of the Commissioners' Court calling the election contained the provision that "If any funds remain after completion of the designated roads, they shall be used to construct other farm-to-market roads designated by majority vote of the Commissioners' Court." The record shows that the Highway Commission contemplates awarding the contract for construction of the Pleasant Valley and Dougherty roads in October 1950. This suit was instituted by appellant, Ralph Thayer, and sixty other resident property tax-paying citizens of Floyd County in which they seek an injunction against the State Highway engineer, members of the Highway Commission and the county judge and county commissioners of Floyd County, enjoining them from expending the proceeds of the sale of the road bonds in the construction of the one-mile gap between Pleasant Valley and the end of the pavement on the Sand Hill road until

the construction of the roads designated in the order has been completed. Neither the state highway engineer nor the members of the Highway Commission filed an answer or made appearance at the trial, but the county judge and county commissioners of Floyd County duly answered by allegations not necessary to detail here but sufficient in all respects to draw the issues necessary for a proper adjudication of the controversy.

The case was set for hearing upon appellants' prayer for a temporary injunction for January 5, 1950, and, on that day, the appellants and appellees, the county judge and county commissioners of Floyd County, appeared and submitted the case to the court without the intervention of a jury. After hearing the evidence and argument of counsel the court rendered judgment denying appellants the temporary injunction prayed for by them and they duly excepted and have brought the case here for review upon a single assignment of error in which they contend the court erred in refusing to grant a temporary injunction, enjoining the appellees from paying out money for the construction of roads not set out and designated in the order calling the election until the completion of the roads that are set out and designated therein.

Appellants' pleadings and their brief refer, rather indefinitely, to roads not set out and designated in the order calling the election, but the only road involved is the one mile of road from Pleasant Valley west to the end of the pavement proposed to be laid by the State Highway Commission on the Sand Hill Road. The order calling the election did not include this one-mile gap but it was included in the contract between the Commissioners' Court and the Highway Commission. The question is, therefore, whether or not appellants were entitled to an injunction restraining the Commissioners' Court and the Highway Commission from expending any of the proceeds of the bond issue in the construction of this one mile of pavement prior to the completion of the roads designated in the order calling the bond election. The roads not completed, but under construction, were the Baker, Providence, Pleasant Valley and Dougherty roads. The construction of the Baker road

was being prosecuted under a contract secured by a solvent bond. The contract price was $52,321.85 and, prior to awarding the contract, the Commissioners' Court set apart and earmarked the sum of $75,000 to pay the contract price, which was approximately $23,000 in excess of the amount provided by the contract.

The State Highway Commission had agreed to construct the Providence road without cost to Floyd County except for procuring the right-of-way. If the Highway Commission should fail to carry out its commitment as to that road, and the Commissioners' Court were forced to do so, the expense would be $64,000.

As to the Pleasant Valley and Dougherty roads, the Commissioners' Court entered into an agreement with the Highway Commission on September 15, 1949, for their construction by the Highway Commission and also the construction of the one-mile extension of the Pleasant Valley road from Pleasant Valley to the end of the pavement of the Sand Hill road, all to be paid for out of the combined fund. The total estimated cost of these two roads, including the one-mile gap west of Pleasant Valley, was $109,600. Of this amount, $84,600 had been deposited with the Highway Commission by the Commissioners' Court of Floyd County out of the proceeds of the bonds. The record shows that, after remitting that sum to the Highway Commission and after deducting the $52,321.85, contract price for the construction of the Baker road, there would be left in the fund constituting the proceeds of the sale of the bonds, the sum of $126,979.47. The record further shows that, even if the Highway Commission should fail to carry out its commitments and pay the $64,000 cost of constructing the Providence road and should also fail to contribute the $25,000 it had pledged to the Pleasant Valley and Dougherty roads, and these expenditures were thrown back upon the county, and were paid out of the road-bond fund, there would still be left in that fund the sum of $37,000.

Based upon these facts, appellees contend that the trial court did not err in refusing the temporary injunction restraining the construction of the one-mile gap between

Pleasant Valley and the end of the pavement on the Sand Hill road because, first, the inclusion of the one-mile gap in the contract was a substantial compliance with the election order in which it was not included and, secondly, because the evidence showed there would be at least $37,000 left in the bond fund after all of the roads designated in the order had been constructed; and the order authorized the Commissioners' Court to expend any surplus that might remain in the construction of such roads as it deemed necessary and proper.

We are unable to agree with appellees in their contention that the inclusion of the one-mile gap between Pleasant Valley and the end of the Sand Hill pavement, involving the expenditure of an additional $8,000 out of the bond fund, was a substantial compliance with the election order in which that one-mile gap was not included. While the law does not require a literal performance of the terms included in a call for an election such as this, the rule is definitely established by the decisions that there must be left to the electors who voted for the bonds substantially the benefits expected by them when they cast their votes. Fletcher v. Ely, Tex.Civ.App., 53 S.W.2d 817. They are entitled to all of the security contemplated by the contract resulting from the order and the election that the roads will be constructed in accordance with its terms. The order calling the election provided that, if any portion of the proceeds of the sale of the bonds should remain after completion of the roads designated by it, they should be used by the Commissioners' Court in constructing other roads, but there was no provision under which the Commissioners' Court was permitted to exercise additional discretion or divert any of the funds prior to the completion of the designated roads. The order provided that the Pleasant Valley road should terminate at Pleasant Valley. If it be conceded that the addition of one mile was a substantial compliance, it would be difficult to perceive a logical reason why the addition of two miles would not likewise be a substantial compliance and this might be continued indefinitely. The courts were confronted with this problem when first they began adjudicating matters of this kind and they established the rule that the order calling the bond election must be substantially complied with so that those who voted for the bonds would receive the benefits they had the right to expect.

In the case of Moore, County Judge, v. Coffman, 109 Tex. 93, 200 S.W. 374, the Supreme Court had before it the question of whether or not changing the location of a bridge on the Brazos river at a point five miles distant from that specified in the order calling the bond election was a substantial compliance with the order, and it was held that when the order specifies the location where the bridge will be built, the location becomes a part of the vote and is entitled to protection. In that case the court said, in substance, that it was within the power of a commissioners' court to declare the purpose of the bonds and when the voters cast their ballots accordingly, the question is ended and it then becomes simply a matter of keeping faith with those whose will the election expressed.

In further avoidance of appellants' assignment of error, appellees urge that, according to the evidence, there would be at least $37,000 left in the bond fund after all of the roads designated in the order had been constructed even if the Highway Department should fail to comply with its commitments and the county was forced to construct the Providence road at its own expense of $64,000 and the Department should further fail to make good its promise or commitment to contribute $25,000 to the construction of the Dougherty and Pleasant Valley roads. This contention is based upon the fact that contracts had been let for the construction of the four roads that were still under construction when this suit was filed and that the contracts were secured by solvent bonds. It is argued, therefore, that the construction of the one mile of pavement, before the roads are completed, at an expense of $8,000 could not possibly create a deficit in the funds so as to preclude full compliance with the order calling the election and, therefore, in contracting for its construction before the entire road system was completed, the commissioners' court was merely exercising the discretion

vested in it by law. The commitment of the Highway Department to construct the Providence road and contribute $25,000 to the construction of the Dougherty and Pleasant Valley roads contained the provision that it was conditioned upon funds becoming available to the Highway Department in accordance with Senate Bill No. 287 of the 51st Legislature, Vernon's Ann. Civ.St. art. 7083a, subd. 4-b, and, in the event funds do not become available the Highway Department reserved the right to modify or cancel the commitment. Notwithstanding this provision, however, it is fairly certain the funds will be contributed in accordance with the commitment and it seems reasonably certain that the roads will all be completed according to the original order calling the election and the bond fund will still contain a substantial amount of money, much more, in fact, than will be necessary to construct the one mile of pavement from Pleasant Valley to the Sand Hill pavement. Nevertheless, the order of the Commissioners' Court calling the bond election and specifying the roads it proposed to construct by use of the funds acquired from the sale of the bonds and the response thereto by the favorable vote of the electors of Floyd county constituted a solemn contract between the Commissioners' Court and the electors which, in the absence of fraud, accident or mutual mistake, the courts are not authorized to alter or change. This does not mean that the Commissioners' Court is not vested with discretion concerning the construction and costs of the public roads of the county. The law clothes them with such discretion but they had exercised it in entering the order prior to the election and, when the election was held and the electors responded by a majority of the votes being cast in favor of the bonds, the contract as contained in the order and the acceptance by the voters was complete and both parties were entitled to be protected in their rights according to the terms of the resulting contract. Wright v. Allen, Tex.Civ.App., 257 S.W. 980; Grayson County v. Harrell, Tex. Civ.App., 202 S.W. 160; Quisenberry v. Mitchell, 116 Tex. 378, 292 S.W. 160; Heathman v. Singletary, Tex.Com.App.,

12 S.W.2d 150; Black v. Strength, 112 Tex. 188, 246 S.W. 79; Fletcher v. Howard, 120 Tex. 298, 39 S.W.2d 32; Robbins v. Limestone County, 114 Tex. 345, 268 S.W. 915.

In the case of Grayson County v. Harrell [202 S.W. 162], supra, Justice Boyce, writing for this court, said: "It would be dangerous to hold that the commissioners' court could recite in its order for the election one purpose or proposition, and by some other action or order, not made a part thereof, and not referred to in the official notice of the election, inject into the proposition limitations or conditions so that the actual result of the election would be to carry a different proposition from that actually voted on according to the official record and notices of the proposition submitted." The sixty-one appellants and the other electors of Floyd County have the right to insist upon the contract being carried out as it was written and, while the inclusion of the extra mile of pavement might appear to be insignificant when compared to the entire system of roads contemplated, the possibility, though perhaps remote, of a disruption in the construction of the roads included in the order cannot be ignored nor cast aside as trivial or immaterial.

The record shows that, in including the extra mile of pavement in the proposed construction, the appellees were actuated by the laudable purpose of saving for the county considerable extra expense in laying the one mile of pavement at a time when machinery, material and other equipment will be available at Prairie View in the construction of the Prairie View road. If it is not constructed at that time it will be necessary to move other supplies and equipment to the location later and thus incur extra expense, but that is not a valid ground upon which to base a unilateral change in the terms of the contract which resulted from the order and the election. That appellees were acting in good faith and in an honest belief they were thus saving considerable expense is not questioned but, from what we have said, it follows that, in our opinion, they were not entitled thus to divert the proceeds of the bond issue and

the court erred in refusing to enjoin them from doing so in accordance with the prayer of appellants' petition.

The judgment of the court below will be reversed and the cause remanded with the instructions that the temporary writ of injunction be granted upon the filing of such bond as shall be fixed by that court, such temporary injunction to continue in force until the case is tried upon its merits and final judgment rendered.