

# The Attorney General of Texas

December 31, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Tex 910/874-1367
Telecopier 512/475-0266

4 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

124 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

X6 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Margaret Moore
Travis County Attorney
P. O. Box 1748
Austin, Texas    78767

Opinion No. JM-295

Re:    Whether   a   commissioners
court may create a road district
which has two or more noncon-
tinuous segments

Dear Ms. Moore:

You have asked the following questions concerning road districts:

> 1. Can the commissioners court, pursuant to the discretion granted by section 4.413 of the County Road and Bridge Act, create a road district which has two or more noncontiguous segments providing the interests and purposes of the noncontiguous segments are the same; and
>
> 2. If it is clearly stated in the bond election proposition submitted to the voters and is clearly for legitimate needs and purposes of the road district, may bond funds be spent on roads needed for ingress and egress to the area encompassed by the road district?

We conclude that the law does not authorize the creation of road districts composed of noncontiguous tracts of land. It is our opinion that proceeds of bonds issued by a road district may be used for egress and ingress road improvements outside the boundaries of the district if the commissioners court has determined that such improvements will benefit all taxable property of the district and the bond election proposition submitted to the voters clearly specifies that the bond proceeds will be used for such road improvements.

Article III, section 52(b) of the Texas Constitution authorizes the establishment of road districts. It provides, in pertinent part:

> (b) Under Legislative provision, any county, and political subdivision of a county, any number of adjoining counties, or any political sub-division of the State, or any defined district now or hereafter to be described and defined within the State of Texas, and which may or may not

include, towns, villages or municipal corpora-
tions, upon a vote of two-thirds majority of the
resident property taxpayers voting thereon who are
qualified electors of such district or territory
to be affected thereby, in addition to all other
debts, may issue bonds or otherwise lend its
credit in any amount not to exceed one-fourth of
the assessed valuation of the real property of
such district or territory, except that the total
bonded indebtedness of any city or town shall
never exceed the limits imposed by other pro-
visions of this Constitution, and levy and collect
taxes to pay the interest thereon and provide a
sinking fund for the redemption thereof, as the
Legislature may authorize, and in such manner as
it may authorize the same, for the following
purposes to wit:

. . . .

(3) The construction, maintenance and opera-
tion of macadamized, graveled or paved roads and
turnpikes, or in aid thereof. (Emphasis added).

The County Road and Bridge Act, as recently re-enacted by Senate
Bill No. 24, Sixty-eighth Legislature, 2nd Called Session, contains
the provisions enacted by the legislature for the establishment of
road districts and the issuance of road district bonds. That act,
codified as article 6702-1, V.T.C.S., provides the following, in
pertinent part:

Section 4.413. ESTABLISHMENT OF ROAD DISTRICTS.
(a) The county commissioners courts may establish
one or more road districts in their respective
counties and may or may not include within the
boundaries and limits of the districts, villages,
towns, and municipal corporations or any portion
of a village, town, and municipal corporation and
may or may not include previously created road
districts and political subdivisions or precincts
that have voted and issued road bonds pursuant to
Article III, Section 52, of the Texas
Constitution, by entering an order declaring the
road district established and defining the
boundaries of it.

. . . .

Section 4.416. PETITION FOR ELECTIONS. (a) If
any political subdivision or any road district
desires to issue bonds, there shall be presented

to the commissioners court of the county in which the subdivision or district is situated, a petition signed by 50 or a majority of the qualified voters of the subdivision or road district praying the court to order an election to determine whether or not the bonds of the subdivision or district shall be issued to an amount stated for the purpose of the construction, maintenance, and operation of macadanized, graveled, or paved roads and turnpikes or in aid of these purposes and whether taxes shall be levied on all taxable property within the subdivision or district in payment of the bonds.

(b) On presentation of the petition, the court to which it is presented shall fix a time and place at which the petition shall be heard . . . .

Section 4.417. HEARING AND DETERMINATION. At the time and place set for the hearing of the petition or a subsequent date as may then be fixed, the court shall proceed to hear the petition and all matters in respect of the proposed bond election . . . . If on the hearing of the petition the court finds that the petition is signed by 50 or a majority of the qualified voters of the subdivision or road district, that due notice has been given, <u>and that the proposed improvements would be for the benefit of all taxable property situated in the subdivision or road district</u>, the court may issue and cause to be entered of record in its minutes an order directing that an election be held within and for the subdivision or road district at a date to be fixed in the order for the purpose of determining the questions mentioned in the petitions . . . . <u>The proposition to be submitted at the election shall specify the purpose for which the bonds are to be issued</u>, the amount of the bonds, the rate of interest, and the fact that ad valorem taxes are to be levied annually on all taxable property within the district or subdivision sufficient to pay the annual interest and provide a sinking fund to pay the bonds at maturity. (Emphasis added).

The creation of a road district and the determination of its boundaries are matters within the discretion of the commissioners court. <u>See</u> <u>King v. Falls County</u>, 42 S.W.2d 481 (Tex. Civ. App. - Waco 1931, no writ); Attorney General Opinion V-440 (1947). However, the constitution and the statutes do not expressly specify whether the

defined boundaries of a road district may encompass an area that is territorially noncontiguous.

We believe that the usual concept of a district contemplates an area with a single set of boundaries rather than a collection of geographically isolated tracts. See Jones v. Falcey, 222 A.2d 101, 106 (N.J. Sup. Ct. 1966). The Wisconsin Supreme Court held that

> [t]here is much force in the general and almost invariable usage, in this country at least, in the organization of towns and counties, as in precincts, districts, cities, and villages, in forming them of adjacent and contiguous territory.

C. & N.W. Railway Co. v. Town of Oconto, 6 N.W. 607, 609 (Wis. 1880). Black's Law Dictionary defines a district as

> one of the territorial areas into which an entire state or country, county, municipality, or other political subdivision is divided for judicial, political, electoral, or administrative purposes.

Black's Law Dictionary 427 (5th ed. 1979).

"Defined districts," as that term is used in article III, section 52(b) of the constitution, "means a defined area in a county, less than the county, other than a political subdivision of such county." (Emphasis added). Bell County v. Hines, 219 S.W. 556 (Tex. Civ. App. - Austin 1920, writ ref'd). We believe that the court's definition, which refers to "a defined area" and not to "defined areas," does not include tracts that are not contiguous to each other. Another court of civil appeals, in Gumfory v. Hansford County Commissioners Court, 561 S.W.2d 28 (Tex. Civ. App. - Amarillo 1977, writ ref'd n.r.e.), held that the phrase "commissioners precincts," as used in the constitutional provision that a county is to be divided into four commissioners precincts, means that such precincts must be territorially contiguous.

The legislature expressly clarified that certain special districts created pursuant to article XVI, section 59 of the Texas Constitution may be composed of noncontiguous tracts. For instance, section 78.013(a) of the Texas Agriculture Code provides that a Noxious Weed Control District may include a body of land separated from the rest of the district. Likewise, sections 51.012(b) and 54.013(b) of the Texas Water Code specify that land composing a water control and improvement district created under chapter 51 or a municipal utility district created under chapter 54 need not be contiguous, but may consist of separate bodies of land separated by land which is not included in the district. Also, certain special law districts created pursuant to article XVI, section 59 by special acts of the legislature are composed of noncontiguous tracts. The

legislature created Spring Hill Utility District by chapter 750, acts of the Sixty-first Legislature, as a district consisting of one large tract of land and two smaller tracts located approximately six miles from the main tract. See City of Longview v. Spring Hill Utility District, 657 S.W.2d 430 (Tex. 1983).

We conclude that if the legislature had also intended that road districts may be composed of separate, noncontiguous tracts it would have expressly so provided in the County Road and Bridge Act.

In addition to the requirements that the commissioners court conduct a hearing of a petition to order a bond election and make a finding that the proposed improvements will benefit all taxable property in the district, the Road and Bridge Act requires that the proposition to be submitted at the election shall specify the purpose for which the bonds will be issued. It is well settled that the proceeds of a bond issue may be used only for those roads which the election proceedings specified would be built. See Fletcher v. Howard, 39 S.W.2d 32 (Tex. 1931); Aransas County v. Coleman-Fulton Pasture Co., 191 S.W. 553, 554 (Tex. 1917). Use of the proceeds from the sale of road district bonds for an unapproved purpose would constitute a fraud on the electorate. See Crowell v. Cammack, 40 S.W.2d 259 (Tex. Civ. App. - Amarillo 1931, no writ).

The Road and Bridge Act expressly provides that the proceeds of a bond issue may be used only for improvements that will benefit all taxable property in the district. It contains no express provisions determining the location of the improvements or whether the areas in which bond proceeds may be expended shall be within or without the boundaries of the road district. Since the thrust of the statute is the requirement that the improvements benefit all taxable property in the district, we believe that the statute does not prohibit per se all expenditures of bond funds for improvements located outside the district when the improvements are beneficial to all taxable property in the district. Cf. Attorney General Opinion JM-158 (1984).

Attorney General Opinion O-3851 (1941) concluded that where a road was to be built on the dividing line between two road districts, the proceeds from road district bonds of one district could be used to construct only the part of the road located within that road district. The opinion appears to base its conclusion on the fact that funds derived from the sale of bonds cannot be diverted from the purpose stated in the proposition submitted to the voters. We agree with such a conclusion. However, assuming that the bond election proceedings and proposition submitted to the voters specify that the bond funds will be used for roads needed for ingress and egress to the area encompassed by the road district, we conclude that proceeds from the issuance of bonds may be used for improvements outside the boundaries of the road district if the commissioners court has found that such improvements will benefit all taxable property in the district.

## S U M M A R Y

A commissioners court is not authorized to establish a road district composed of noncontiguous tracts of land. If the bond election proposition submitted to the voters clearly specifies that the bond funds will be used for roads needed for ingress and egress to the area encompassed in the district, bond funds may be used for improvements outside the district which benefit all taxable property in the district.

Very truly yours,

**JIM MATTOX**
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Tony Guillory
Nancy Sutton