**CUNNINGHAM et al. v. KOONS et al.**

No. 12391.

Court of Civil Appeals of Texas. Fort Worth.

July 19, 1930.

Geo. M. Hopkins, of Denton, and J. Hart Willis and J. W. Madden, Jr., both of Dallas, for appellants.

762

Robt. H. Hopkins, Joe S. Gambill, and Walter A. Koons, all of Denton, for appellees.

CONNER, C. J.

■ We have carefully considered the record in this case, including the statement of facts, which we have read, and conclude that the trial court's judgment must be affirmed. It is very clear, under the authorities, that an applicant for injunctive relief must make a clear showing that he is entitled to the relief demanded, and that such relief requires the restraint of some act prejudicial to him. See article 4642, Rev. Civ. Statutes of 1925; Hill v. Brown (Tex. Com. App.) 237 S. W. 252; Malott v. City of Brownsville (Tex. Com. App.) 298 S. W. 540, 541. .

■■ It is not contended that the state highway commission is without authority to change the direction and location of a state highway, and the only cause of complaint shown by the appellant Cunningham is that the location of the state highway No. 40 has been so changed as to enter Lewisville over and along Mills street instead of Kealy avenue, on which is situated appellant Cunningham's property. He alleges that he had donated part of his land with a view of widening Kealy avenue, as had also appellant Mrs. Whatley, with a promise that highway No. 40 should be located and established over Kealy avenue. He nowhere alleges that any of his property has been entered or taken by the proceedings complained of, nor is it shown that it is beyond the power of the state highway commission to change the route of highway No. 40 over and along Mills street. It nowhere appears that the commissioners' court of Denton county made the change, and the highway commission is not a party to this suit, and in no event could an award of damages be given against it; nor do we know of any rule by which we can hold that the highway commission is estopped from changing the route of highway No. 40 because of a promise made to appellant Cunningham at the time he donated the strip of land he describes on Kealy avenue. No authority in the promisor in that instance is shown, nor, as stated, any want of power in the highway commission to make the change. So that, as stated, appellant Cunningham wholly fails to show any right to injunctive relief as he seeks.

■■ Nor do we think the appellants Whatley show such right. The court found that the only construction done upon the land of the Whatleys was not done by the commissioners' court of Denton county, but the facts show it was done under the authority of the highway commission, which, as before stated, is not a party to this suit. The findings show that the commissioners' court instituted the condemnation proceedings involved in this case upon a request of the state highway commission, and by an amendment to article 6674n, Rev. Civ. Statutes of 1925, passed during the third called session of the 41st Legislature (1929), c. 10, § 1; it was expressly provided that "any Commissioners' Court is hereby authorized to secure by purchase or by condemnation on behalf of the State Highway Commission such new or wider right of way or land or lands for material," in accordance with field notes to be furnished by the state highway department. It is to be remembered that the location of state highways and changes made therein do not come under the general provisions relating to the location and changes of new roads in counties, and hence failure to observe the general rules become immaterial in this case. Moreover, it is to be noted that the proceedings of the commissioners' court in appointing reviewers, making awards, and entering condemnation decrees, have all been performed, and the objections and exceptions to such proceedings doubtless presented to the county court on appeal where the suit for condemnation is now pending. If in fact there be any such departure from the legal steps required for a valid condemnation of lands as to render the award of the reviewers and commissioners' court void, the county court will doubtless so declare. At least we cannot assume that the county court will fail to award such relief as the intervening Whatleys show themselves entitled to.

We accordingly adopt the trial court's findings of fact and conclusions of law, and affirm the judgment.

DUNKLIN, J., absent and not sitting.