## SAN PATRICIO COUNTY v. MAXWELL et al.

### No. 9113.

Court of Civil Appeals of Texas. San Antonio.

Nov. 30, 1932.

Rehearing Denied Jan. 18, 1933.

Boone & Raymer and Allen V. Davis, all of Corpus Christi, for appellant.

H. S. Bonham, of Corpus Christi, W. B. Moss, of Sinton, and Gaines, Gaines & Roberts, of San Antonio, for appellees.

SMITH, J.

The appeal is from an order granting a temporary injunction upon complainant's bill, without notice or hearing.

It was alleged by appellees as plaintiffs below that the commissioners' court of San Patricio county had obtained from the state highway commission a designation of state highway No. 9, over a specific route through the lands of three local citizens, Hughes,

Lane, and Horn; that the landowners and the commissioners' court could not agree upon the compensation to be paid for the lands to be taken and the incidental damages, whereupon (instead of resorting to condemnation proceedings provided by law for such contingencies) the parties resorted to statutory arbitration to determine the amounts to be paid the landowners; that the arbitrators met, deliberated, and agreed upon awards to each of the landowners in amounts aggregating approximately $10,000, the arbitration papers were filed in the district court of San Patricio county, where the awards were reduced to judgments in favor of the respective landowners against the county; that the county did not appeal from such judgments, but has since instituted, and is now prosecuting, proceedings in the same court to set them aside, which proceedings are still pending.

It was further alleged that, subsequent to the arbitration proceedings and the entry of judgments on said awards, the commissioners' court have induced the state highway commission to designate another and different route for said highway No. 9, so that, as so redesignated, or to be redesignated, said highway will not traverse the lands of Hughes, Lane, and Horn, but will avoid them, and that by this process the commissioners' court seeks to abandon the former route over said lands and pursue another.

Now this injunction, granted upon said allegations, restrains the commissioners' court from abandoning the route first designated (over the Hughes, Lane, and Horn lands) and from procuring the right of way over the newly designated route around said lands, until the district court renders final judgment upon the county's motions to set aside the judgments based upon the arbitrators' awards. The injunction was sought and granted upon the ground, in effect, that it will be cheaper and therefore to the best interest of the county to abide by the route first selected, rather than to adopt and procure another.

This action was not brought directly by Hughes, Lane, and Horn, but by J. C. Maxwell and nine other "tax-paying" citizens of the county.

■ It is apparent from the bill on which the writ was granted that highway No. 9 is a properly designated "State Highway" over which the highway department has control, and that the county commissioners' court are acting for and in behalf and under the control of that department in procuring the right of way for said highway, as provided in article 6674n, as amended by the Forty-First Legislature (Acts 1930, 41st Leg., 5th C. S., p. 243, c. 79, § 1 [Vernon's Ann. Civ. St. art. 6674n]). It follows, therefore, and is apparent from the petition below, that the power of designating the route of highway No. 9, with reference to the lands of Hughes, Lane, and Horn, rests in the highway department, and not in the commissioners' court, and that the state highway commissioners are necessary parties to any litigation affecting the exercise of that power. Heathman v. Singletary (Tex. Com. App.) 12 S.W.(2d) 150, 153; Central Power & Light Company v. Willacy County (Tex. Civ. App.) 33 S.W.(2d) 476, and authorities there, cited; Cunningham v. Koons (Tex. Civ. App.) 33 S.W.(2d) 761.

■■ Moreover, it is apparent that, in the matter of designating in detail the routes to be followed by state highways, the actions of the highway department, being discretionary acts purely administrative in their nature, cannot be directed by the courts or halted by them except in possible extraordinary situations not disclosed here. And, even where the department has first designated a detail in a route, such as in this case, it may subsequently revoke its order thereon and relocate the route so long as nothing has been done thereunder, such as making contracts for construction of the highway or the creation of vested rights in others. Heathman v. Singletary, supra. Here nothing had been done which could create vested rights in others.

■■ Again, no rights had accrued to appellees which entitled them to the relief sought and granted, for the acts complained of by appellees "being governmental acts, and being untainted by fraud and unassailed on account of any accident or mistake occurring in their performance, they are valid. They cannot be assailed by any private citizen under such circumstances, unless and until the citizen has pleaded and proven a condition of affairs demonstrating that he has a personal interest in the subject-matter relating to a transaction between himself as such private citizen upon the one hand and the government on the other." Heathman v. Singletary, supra. Clearly under that wise rule appellees have no right of action in the case made.

The judgment is reversed, the injunction dissolved, and the cause dismissed at the cost of appellees in both courts. Cunningham v. Koons, supra.

Dismissed.