## IRION COUNTY et al. v. MAYER et al.
### No. 9146.

Court of Civil Appeals of Texas. Austin.

March 26, 1941.

Hughes, Hardeman & Wilson, of San Angelo, for appellants.

Upton, Upton & Baker, of San Angelo, for appellees.

BLAIR, Justice.

This is an appeal from an order granting a temporary injunction enjoining the Commissioners Court of Irion County and its members from laying out, establishing, and constructing a second-class public road from a certain point in the south line of the Bennett Survey along the Irion County line to the San Angelo-Arden public road over the land of appellee Abe Mayer.

The commissioners courts of Irion and Tom Green Counties undertook to establish a different road across the county line, each to establish the portion in its respective county, the road to begin at a point on the south line of the Bennett Survey and thence to the San Angelo-Arden road, but not along the county line. Tom Green County Commissioners Court met with difficulty in obtaining right-of-way, and delay was had in opening the proposed road; and the Commissioners Court of Irion County, of its own motion, proceeded to open the road along its county line, which occasioned the suit in question.

The record of the Commissioners Court of Irion County shows a petition was addressed to the Commissioners Court of Irion County, dated October 16, 1939, and filed May 11, 1940, signed by the adequate number of freeholders, requesting that a road be established to begin at a point in the Irion-Tom Green County line 40 feet west of the northeast corner of Irion County, on the Rodriquez Survey, and to terminate at a point in said Irion-Tom Green County line at a point in the south line of the Bennett Survey. This terminating point was to connect with a road applied for by a petition of freeholders of Tom Green County and thence to the San Angelo-Arden public road, but not along the county line.

On June 10, 1940, the Commissioners Court of Irion County entered its order, reciting the filing of the foregoing petition, found that it was advisable for said court to confer with the Commissioners Court of Tom Green County; and on June 11, 1940, the Irion County Court appointed

a jury of view to lay out the road described and to assess the damages incident thereto, and instructed it to cooperate with the jury of view of Tom Green County. On August 12, 1940, the Commissioners Court of Irion County directed the jury of view to make and report its findings; and on that day the jury of view reported that no agreement could be reached with Tom Green County, and recommended that a second-class road be established along the county line, if the contemplated agreed road could not be established. Said Commissioners Court then received and approved the report of the jury of view on August 12, 1940, and ordered that the money to pay damages be set aside in accordance with the report; but further ordered that the jury of view be not discharged but recessed for future service in this behalf should their service be again required. Nothing further was done, and on Monday, September 9, 1940, the Commissioners Court of Irion County, of its own motion, entered its order finding it necessary to establish a new road 60 feet wide, beginning at the certain point in the south line of the Bennett Survey and continuing along the county line to its intersection with the San Angelo-Arden public road, over and across appellee's land. The court appointed a jury of view to establish the road and to assess damages; and on October 14, 1940, the jury of view reported, recommending the establishment of said road and assessing appellee's damages; and said court on October 14, 1940, received the report of the jury of view, and discharged the jury; and on the same date ordered a conference with the Commissioners Court of Tom Green County. By order of October 19, 1940, the Commissioners Court of Irion County recited that the conference referred to in the order of October 14, 1940, had been held and that no agreement could be reached; and that the court then took up the report of the jury of view, dated October 14, 1940, adopted and approved same, directed the payment of damages to appellee as assessed, and that the commissioner of the precinct in which the road was situated should immediately begin construction of the road, and work was immediately begun, and then restrained by the order in suit.

Under these records of the Commissioners Court of Irion County, appellee contends that the opening of the road from the south line of the Bennett Survey along the Irion County line to the San Angelo-Arden road was attempted to be predicated upon the petition to open the agreed road across the Tom Green-Irion County line, and was void because the public was not given notice thereof by posting notices as required by Art. 6705, R.S.1925. This is the only defense of the order granting the temporary injunction briefed by appellee.

■ We regard the record of the proceedings before the Commissioners Court of Irion County as showing that it did not finally act upon and establish the road called for in the petition of the freeholders, dated October 16, 1939, and filed May 11, 1940. All proceedings under this petition were in contemplation of an agreement of the two counties to eventually establish a road beginning at the point in the south line of the Bennett Survey, thence to the San Angelo-Arden public road, but not along the county line. The contemplated agreement failed to materialize, and all the Commissioners Court of Irion County did towards establishing the proposed road was to accept and approve the report of the jury of view recommending the establishment of a road along the county line, if the road contemplated by an agreement could not be established. Nothing further was done, and the Commissioners Court of Irion County then proceeded, as it was authorized to do under the provisions of Arts. 6703 and 6706 to 6710, both inclusive, R.S.1925, to establish of its own motion the road in question along the county line.

■ A completely analogous question was decided in the case of Parkey v. Archer County, Tex.Civ.App., 61 S.W.2d 175, wherein it is held that a commissioners court may abandon a statutory method it is pursuing to establish a public road, and then pursue any other method authorized by statutes. San Patricio County v. Maxwell, Tex.Civ.App., 56 S.W.2d 295. We regard these decisions as sustaining our view herein.

■ The law is also settled that a commissioners court may, of its own motion, establish a new road under the method provided by the articles of the statute last above cited. Whaley Farm Corp. v. Robinson, 120 Tex. 633, 37 S.W.2d 714, 40 S.W.2d 52.

■ It is settled law that in a proceeding to open a second-class road on the application or petition of freeholders, the posting of the 20-day notices required by Art. 6705 is jurisdictional. Haverbekken

v. Hale, 109 Tex. 106, 204 S.W. 1162. But the formal posting of notices required by this statute is not required when the commissioners court proceeds, on its own motion, to establish a road under the provisions of Arts. 6703 and 6706 to 6710, both inclusive. Meyer v. Galveston, H. & S. A. R. Co., Tex.Civ.App., 30 S.W.2d 936.

■ A suit to enjoin the establishment or opening of a public road will not lie unless the proceedings to establish or open the road are void, or where the establishment of a particular road shows an abuse of the discretionary power of the commissioners court. 21 Tex.Jur. § 92. Neither of these grounds is shown in the instant case.

In accordance with our above conclusions, the order appealed from is set aside and the temporary injunction is dissolved.

Order appealed from set aside; temporary injunction dissolved.