J. M. BLACK ET AL. v. W. H. STRENGTH ET AL.

No. 3557.   Decided December 13, 1922.

(246 S. W., 79.)

**Public Roads—Proceeds of Bonds Voted—Commissioner's Court—Designation of Roads to be Improved.**

The proceeds of county bonds the issuance of which had been authorized by public election after the Commissioner's Court had by its order designated the roads to be improved thereby, though the election had been called and held for the purpose of constructing and maintaining macadamized, graveled or paved roads generally throughout the county, could not be thereafter diverted by the Commissioner's Court to the construction of other roads to the neglect of those formerly designated. The authority given by the voters was for the improvement of the roads previously designated, and the diversion of the fund instead to other purposes could be restrained by injunction at suit of a tax-payer. (p. 192).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Harrison County.

Black and others sued for injunction against Strength, County Judge, and the members of the Commissioners' Court, and obtained judgment. On defendants' appeal this was reversed by the Court of Civil Appeals (226 S. W., 758) Mr. Justice LEVY dissenting, and appellees obtained writ of error.

*Abney & Young* and *H. T. Lyttleton*, for plaintiffs in error.

The Commissioners' Court, after the order calling the election had been made, passed the order of April 14th designating certain roads

that would be improved out of the bond issue, and said order having been made and entered of record prior to the election and held out to the electors as an inducement for them to vote in favor of the issuance of the bonds, it became a part of the election proceedings and was binding upon the Commissioners' Court. Revised Statutes 1911, Articles 627-629; Moore v. Coffman, 109 Texas, 96; Scott v. Forrest, 192 S. W., 693 (Ky.); Campbell v. Clinton County, 195 S. W., 787 (Ky.); Buchanan v. Graham, 36 Texas Civ. App., 468, 81 S. W., 1237; Wallis v. Williams, 110 S. W., 785; O'Laughlin v. Kirkwood, 107 Mo. App., 302, 81 S. W., 512.

·The Commissioners' Court having passed said order providing that said roads would be improved out of the bond issue if said bonds were voted, and the electors having voted in favor of the issuance of said bonds on the faith of the order, the Commissioners' Court could not disregard the order in expending the money. Same authorities. Also: Major v. Aldan Borough, 209 Pa., 247, 58 Atl., 490; Walla Walla v. Walla Walla Waterworks, 172 U. S., 1.

*J. H. T. Bibb*, for defendants in error.

No order or agreement of the Commissioners' Court with reference to the purpose for which the proceeds of the bond issue are to be expended, is binding on the Commissioners' Court, unless the same was a part of the order calling the election, and the notices of the election. Vernon's Sayles' Texas Civil Statutes, Article 606; Vernon's Sayles' Texas Civil Statutes, Articles 627-633; Grayson County v. Harrell, 202 S. W., 160; Moore v. Coffman, 109 Texas, 93; Ardrey v. Zang, 127 S. W., 1116; Tyree v. Road District, 199 S. W., 648; City of Austin v. Nalle, 85 Texas, 520; City of Amarillo v. Slayton, 208 S. W., 970; Simpson v. City of Nacogdoches, 152 S. W., 858; Skinner v. Santa Rosa, 40 Pac., 745, 29 L. R. A., 512.

The power which is delegated to the Commissioners Court to provide for the improvement of public roads, is to be exercised for the general good of the public, and not in the interest of any community or individual, and the exercise of such power can not be delegated, nor can the court divest itself of such power by orders or agreements in advance, binding itself to exercise such power in any particular manner, and any order or agreement, the tendency of which is to preclude the Commissioners' Court from the free exercise of such power, and the discretion vested in it by law, as to the particular roads to be improved when the time comes to make the improvement, would be against public policy and void. Dillon on Municipal Corporations, (5 Ed.), section 245; Sampliner v. Motion Picture Patent Co., 255 Federal, 251, and the cases cited therein. Also same authorities as cited under first counter-proposition.

If it is to be said that the order of April 14, 1919, was a part of

the election proceedings, and therefore binding upon the Commissioners' Court in the expenditure of the funds, then we are confronted with the proposition that although the statutes require that the purpose for which the bonds are issued shall be stated in the order ordering the election, in the notices of the election and the order declaring the result thereof, and that although the statutes further provide that notices of the election and the purposes for which the bonds are to be issued shall be published for a period of thirty days before the election, in order to apprise the voters of the proposition upon which they are to vote, that nevertheless an order which is not published, which is not a part of the order for the election, or the order declaring the result thereof, and that has not been published at all, and that was passed only five days prior to the election—and, therefore could not have been published for the length of time required by the statutes, even if publication thereof had been attempted, is a part of the election proceedings and therefore binding upon the Commissioners' Court; then why have any statutes on the subject at all? Of what effect are the statutes requiring an order for the election, requiring notices of the election and the purpose of the bonds to be published, if an order can be made a part of the election proceedings without complying with these statutes?

In Nalle v. City of Austin, 85 Texas, 520; Ardrey v. Zang, 127 S. W., 1114; Tyree v. Road District, 199 S. W., 644; Grayson County v. Harrell, 202 S. W., 160; City of Amarillo v. Slayton, 208 S. W., 967, and Edens v. Road District, 211 S. W., 791, our statutes on the subject have been construed, and it has been held in each of these cases, that the purpose of the bonds as stated in the order for the election and notices of the election, were binding, and that nothing else could be looked to, to determine the purpose for which the bonds were issued, and that so long as the proper officers were expending the proceeds of the bonds for the purposes as stated in the order for the election, and notices of the election, that they could not be interfered with.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

On March 10, 1919, the Commissioners' Court of Harrison County entered an order for an election, to be held on April 19, 1919, to determine whether or not the bonds of the county should be issued for $1,450,000, bearing interest at the rate of 5 per cent per annum, maturing not later than 40 years as might be fixed by the court, for the purpose of constructing and maintaining macadamized, graveled or paved roads throughout the county.

Notice of the election was given by publication of a copy of the order in a newspaper for four weeks.

At a regular term of the Commissioners' Court, on April 14, 1919, the following order was adopted. and entered on the minutes of the court, viz:

"It is moved and carried that if the bond issue should •carry that the Hynson Springs Road be improved from Marshall to the intersection of the Longview and Jefferson road, and that the Longview and Jefferson road be improved from said point of intersection to the Gregg county line, and the Hallville and Harleton road be improved from Hallville to Harleton. It is also moved and carried that if the bond issue should carry that the road from Harleton to the county line by way of Smyrna be improved, and that the road from Harleton to the county line by way of Eagle creek be improved."

On April 19, 1919, the election resulted in 1740 votes for the issuance of the bonds to 162 votes against their issuance. The result was declared and some of the bonds were issued and sold.

The Commissioners' Court, on December 8, 1919, made an order for certain road construction to take precedence over the improvement of the roads mentioned in the order of April 14, 1919, in pursuance of a plan which would probably exhaust the proceeds of the bond issue, leaving unimproved the roads mentioned in said order of April 14, 1919.

Plaintiffs in error, owning property subject to taxation in Harrison County, and on the roads specified in the order of April 14, 1919, brought this suit to secure an injunction to compel the Commissioners' Court to improve said specified roads and to desist from expending on other highways the entire proceeds of the bonds. The trial in the court below resulted in a judgment granting the injunction. The Honorable Court of Civil Appeals reversed this judgment and rendered judgment that plaintiffs in error take nothing by their suit. 226 S. W., 758. Two of the justices were of the opinion that the voters were entitled to act on the assumption that nothing not embodied in the order for the election nor in the notices thereof, though embraced in a duly recorded order of the Comissioners' Court, could be effective to control the particular roads to be constructed or improved, because the statutes contemplated that the purpose of the election be disclosed alone by the order for the election, and by the notices, and because any order attempting to bind the Commissioners' Court to exercise its discretion in a particular way was void as contrary to public policy. It is ably argued in behalf of defendants in error that these conclusions are sound and should be sustained. Associate Justice Levy dissented from the opinion of the majority, holding that the order of April 14, 1919, was a valid exercise of the power of the Commissioners' Court to designate the particular roads to be improved, consistent with the purpose of the election as stated in the order therefor and

in the notices thereof, and having been relied on by the voters in authorizing the issuance of the bonds, was binding on the Commissioners' Court, and sustained the injunction awarded by the trial court.

The two views, with the reasoning supporting each, are clearly stated in the opinion of the Court of Civil Appeals, and we deem it necessary to do little more than announce that careful consideration leads us to agree with Justice Levy's view.

It was within the power of the Commissioners' Court to designate, by appropriate order, passed at a regular session and entered on the minutes, what roads were to be improved with the proceeds of legally authorized bonds. Not only is there nothing inconsistent between the order for the election and the subsequent order, but some such order as the latter was essential to attain the end which the election was designated to accomplish. That the order was made before the election, conditioned on the bonds being voted, cannot be urged as a just ground of attack on the order. As pointed out in Moore, County Judge, v. Coffman, 109 Texas, 96, 200 S. W., 374, the fairest course towards the voters was to announce the Court's decision in advance of the election. The Court was not binding itself to a certain course of action in the future. It was instead making a present designation of highways to be improved with the proceeds of the bonds, should same be voted, issued and sold. The order could have had but one purpose and that was to remove uncertainty as to the specific use to be made of some of the money to be provided by the taxpayers. The order would not have been made save with a view to its being relied on by the voters. With the bond issue authorized by votes cast in reliance on the order, as must be assumed, it could not be arbitrarily ignored or repudiated, without involving the perpetration of fraud or its equivalent on the voters. To prevent such a result was the injunction granted by the trial court.

We are not unmindful that it might be possible to use the power lodged in the Commissioners' Courts to designate highways for improvement in such a way as not to aid, but to defeat, the will of the qualified voters. No such case is before us. Here the court's action in designating the highways to be improved appears to have reflected the conscientious exercise of discretion in the open performance of official duty. The bonds appear to have been voted to provide funds for use in accordance with the court's action. We hold that the will of those having to bear the bond burden should not be defeated by a mere change of mind on the part of the members of the Commissioners' Court with respect to the particular roads needing improvement.

Any other rule would tend to undermine public confidence in the acts of public officers. For, as said by the Court of Appeals of Kentucky with reference to an order of a fiscal court in Kentucky, exercising similar powers to our Commissioners' Courts:

"Since the order was made prior to the election and at a time when the voters were interested in knowing on what roads the proceeds of the bonds would be used, it cannot be doubted that the voters had the right to rely on the fact that the order expressed the final determination of the fiscal court and to cast their ballots accordingly. Under these circumstances, the order was, in effect, a contract with the people, and good faith requires that the contract be kept. A contrary rule would permit fiscal courts to apply money, voted by the people for one purpose, to another and different purpose for which it would not have been voted had the people been apprised in advance of such intended action." Scott v. Forrest, 174 Ky., 672, 192 S. W., 693.

The judgment of the Court of Civil Appeals is reversed and that of the District Court is affirmed.