

# THE ATTORNEY GENERAL

## OF TEXAS

Gerald C. Mann

**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

March 18, 1939

Hon. A. A. Miller
County Attorney
Newton County
Newton, Texas

Opinion No. O-218 - Modified by V-157
Re: May excess cash in sinking fund
for retirement of bonds be used by
Road District for other purposes
named?

Dear Sir:

We are in receipt of your letter of February 22, 1939 in which you request an opinion from this Department as to whether the excess cash in a sinking fund for the retirement of bonds may be used by a Road District for other specific purposes.

A ttached to your request is a resolution for ruling on the sinking fund surplus. This resolution states in effect that there are outstanding bonds against Road District No. 1 in Newton County, amounting to $26,025.00 principal and accrued interest; that there is now in the County Treasury to the credit of said fund, as a result of the collection of taxes levied to pay said bonds and interest, $40,224.21, or a surplus of $14,199.21.

Section 52, Article 3 of the Constitution of Texas, provides that road districts may vote bonds for the purpose of "the construction, maintenance, and operation of macadamized gravel or paved roads and turnpikes, or in aid thereof."

Article 752k, Revised Statutes, provides that when the bonds are issued, the Commissioners Court shall levy an ad valorem tax sufficient to pay the interest on such bonds, and to provide a sinking fund to pay the bonds at maturity.

Article 752n, Revised Statutes, provides that the Tax Collector shall collect said taxes and pay same to the County Treasurer. Article 752o, Revised Statutes, provides that the County Treasurer is the custodian of the funds and shall promptly pay the interest and principal as it becomes due on the bonds out of the funds collected from said taxes.

There is no provision in the law for what the County Treasurer shall do with any excess fund collected from the taxes levied, over and above the amount required to pay the bonds, principal and interest.

Hon. A. A. Miller, page 2

Article 839, Revised Statutes, provides that the County Treasurer shall not honor or pay any draft upon the interest and sinking fund provided for the payment of the bonds, except for the purpose of paying the interest on such bonds, or redeeming same, or for investment in securities as provided by law.

The Supreme Court, in Black v. Strength, 246 S.W. 79, and in Aransas County v. Coleman-Fulton Pasture Co., 191 S.W. 556, and in Moore v. Coffman, 200 S.W. 374, has held that money voted for specific purposes or for building designated roads or bridges, must be used for such specific purposes.

The County Treasurer, as well as the County Depository, are under bond to pay the fund out, and are authorized to pay same out only for the purposes authorized by law. Since there is no provision in the law for the County Treasurer making any disposition of the surplus fund after the specific bonds are paid, we are inclined to the view that this surplus collection of taxes could be used in said road district for the upkeep and maintenance of the roads in said district. Since, however, the custodians of said funds are under bond, we think it advisable for the County Treasurer and the County Depository to institute a suit in rem in the District Court in Newton County, setting up the facts, and have that court enter an order authorizing them to pay said funds on warrants drawn by order of the Commissioners Court for the maintenance of the roads of said district, or for whatever purpose the District Court, under all of the existing facts, should think proper.

We will next week call the attention of Senator Redding of Lufkin, your Senator, to the situation, and suggest that he introduce a bill amending Article 839 of the Revised Statutes to authorize the excess or surplus left after bonds have been paid to be used by the County Commissioners in the districts where the bonds were voted for the purpose of the upkeep and maintenance of the roads in said districts. It might be wise for your Commissioners Court to communicate with the Senator relative to the matter.

It is our opinion that it would be unwise for the County Treasurer and County Depository to pay said fund except on the direct order of the District Court.

APPROVED:
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Yours very truly
ATTORNEY GENERAL OF TEXAS
By George W. Barcus /2/
George W. Barcus, Assistant

GWB
wb