

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

GERALD C. MANN
~~ATTORNEY~~
ATTORNEY GENERAL.

Honorable S. L. West
County Auditor
Van Zandt County
Canton, Texas

Dear Sir:

Opinion Number O-2860
Re: Can the Commissioners' Court do
the proposed work without the
aid of WPA?

Your request for an opinion on the following question has been received by this office and we quote from your letter as follows:

"I am enclosing transcript of bond issue for Road District #7, Van Zandt County, Texas. The State Permanent School Fund now holds these bonds, and no amount of the proceeds has been spent except $1,000 for cost of proceedings.

"It was originally planned to do this work with the aid of the Work Projects Administration. The Commissioners' Court having studied the situation believes that under present regulations it would be to the best interest of the taxpayers of Road District #7, to do the proposed work without the aid of the Work Projects Administration.

"Can the Commissioners' Court do the proposed work lawfully without the aid of WPA? We would greatly appreciate your opinion at the very earliest date."

We note from the bond transcript submitted with this request that the proposition voted on by the qualified voters of said Road District #7, and contained in the order of election and the notice of election, reads as follows:

"Whether or not the bonds of said road district shall be issued in the amount of One Hundred Thousand ($100,000) Dollars, bearing interest at the rate of not to exceed four (4%) per cent per annum, payable semi-annually, and maturing at such times as may be fixed by the Commissioners' Court, serial-

ly or otherwise in not to exceed twenty-five (25) years from the date thereof, for the purpose of the construction, maintenance and operation of macadamized, graveled or paved roads and turnpikes, or in aid thereof, throughout Road District No. 7, of Van Zandt County, Texas, and whether or not taxes shall be levied on all taxable property in Road District No. 7 sufficient to pay the interest on said bonds and to provide a sinking fund sufficient to redeem said bonds at their maturity."

We do not find anything in the election order and notice of election in the transcript submitted to this department that would prevent the Commissioners' Court from spending the proceeds of said issue of bonds for the purpose of the construction, maintenance and operation of macademized, graveled or paved roads and turnpikes, or in aid thereof, in Road District #7 of Van Zandt County, Texas, without the aid of the WPA.

However, we call your attention to the fact that if the Commissioners' Court passed any official order prior to the election stating that said bonds would not be issued or that the proceeds thereof would not be used unless a PWA grant was secured, then said money cannot be used without said grant. The authorities seem to hold that the approval by the electors of the proposed bond issue with whatever terms and conditions that the governing body imposes thereon previous to the election, creates a status analogous to a contractual relation. In construing an order passed by the Commissioners' Court prior to a county-wide bond election the Supreme Court of Texas, in the case of Black, et al., v. Strength, et al., 246 S. W. 79, said:

"The order would not have been made save with a view to its being relied on by the voters. With the bond issue authorized by votes cast in reliance on the order, as must be assumed, it could not be arbitrarily ignored or repudiated without involving the perpetration of fraud or its equivalent on the voters.

"Under these circumstances, the order was, in effect, a contract with the people, and good faith required that the contract be kept."

Any rule would tend to undermine public confidence in the acts of public officers. See also Golden Gate Bridge and Highway District vs. Filmer, 21 Pac. (2d) 112; Perry vs. Los Angeles, 203 Pac. 992

It is our opinion that the bond money may be lawfully used without the aid of WPA, unless the commissioners' Court passed an order prior to the election stating that said money would not be used unless a PWA grant was secured.

Very truly yours

ATTORNEY GENERAL OF TEXAS


By s/Claud O. Boothman
Claud O. Boothman
Assistant

COB-s-wc

APPROVED NOV 4, 1940
s/Gerald C. Mann
Attorney General of Texas

Approved Opinion Committee By s/BWB Chairman