# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN 11

GROVER SELLERS
ATTORNEY GENERAL

Honorable Newell Cambron
County Auditor
Hopkins County
Sulphur Springs, Texas

Dear Sir:

Opinion No. 0-6755

Re: Can the Commissioners' Court
of Hopkins County issue more
than $12,000.00 worth of bonds
per annum for maintenance pur-
poses?

    This will reply to your letter of July 26, 1945, which
we quote as follows:

    "Enclosed you will find a certified copy of certain
extracts from the minutes of the commissioners court
of Hopkins County.

    "You will note that on May 16, 1929, the commis-
sioners court, acting in answer to a petition signed
by a large number of Hopkins County citizens, called
a bond election on question of the assumption on a
county-wide basis of $666,500.00 of bonds previously
issued by ten road districts in the county and the
further issuance from time to time of additional
bonds in the amount of $1,083,500.00 (making an
overall total of $1,750,000.00) 'for the further
construction, maintenance, and operation' of various
roads.

    "Subsequent to May 16, 1929, a citizens com-
mittee advocating the issuance of these bonds realized
that there was little chance of the approval of these
bonds at the coming election unless the citizens had
some assurance as to how the proceeds of these bonds
would be used. The committee then made specific
recommendations as to what roads bond money should
be spent on and further advocated that $250,000.00

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

of the $1,083,500.00 be set aside and issued from
time to time for the purpose of maintaining the
roads constructed by bond proceeds and that no more
than $12,000.00 per annum be issued for such maintenance
purposes. The Commissioners Court passed an order
on May 28, 1929, committing itself to use the pro-
ceeds of any bonds approved at the approaching elec-
tion in substantial accordance with the recommendations
of the citizens committee.

"The citizens of the County approved the issu-
ance of the bonds and to date $1,644,000.00 of the
$1,750,000.00 total has been issued.

"We would like for you to answer this question:
Is the present Commissioners Court bound by the or-
der passed by a previous Court on May 28, 1929, or
was this order merely a declaration of policy subject
to amendment, modification, or change by later Com-
missioners Courts? In short, can the Commissioners
Court of Hopkins County issue more than $12,000.00
worth of bonds per annum for maintenance purposes?"

We will not quote from the County Commissioners' order
entered May 28, 1929, since said order is copied at length in
Murray v. Williamson, 32 S. W. (2d) 863, p.864. It has been
repeatedly held by the appellate courts of this State that
where a county commissioners' court enters a pre-election
order designating the roads and specifically declaring the
purposes for which the bond money is to be expended, said com-
missioners' court or subsequent commissioners' courts cannot
change the designation of such roads or expend the money for
any other purpose than that specifically designated in the pre-
election order. Black v. Strength, 246 S. W. 79; Quisenberry v.
Mitchell, 292 S. W. 160; Fletcher v. Ely, 53 S. W. (2d) 817 (er-
ror refused); Murray v. Williamson, 32 S. W. (2d) 863. The Com-
missioners' Court of Hopkins County entered an order on May 16,
1929, ordering an election to be held throughout the County on
July 5, 1929, relative to authorizing the Commissioners' Court
to issue the bonds in question. The pertinent part of the pre-
election order entered by the Commissioners' Court on May 28,
1929, provides as follows:

"We further find and recommend that the $250,000.00
set aside for maintenance only be prorated to the four
commissioners' precincts, equally, and be issued and
used in amounts not exceeding $12,000.00 per year, which
would be $3,000.00 per year for each precinct."

The order entered by the Commissioners' Court of Hopkins County on May 28, 1929, was before the Texarkana Court of Civil Appeals in the case of Murray v. Williamson, supra. The Court of Civil Appeals held in said opinion on page 868 as follows:

"The writer expressing his opinion further thinks that the order of the commissioners' court of May 28, 1929, should be regarded, as the trial court did, as in effect a pre-election order. Black v. Strength, 112 Tex. 188, 246 S. W. 79. By the order so made, considered in its entirety and fairly construed, it was contemplated and intended that in no event should any of the local county roads named be abandoned, nor in any wise nor in any event should the allocation of the sum to be expended on such roads out of the proceeds of the bonds be otherwise used or diverted. In this view, the order of the commissioners' court should be interpreted as absolutely establishing and designating the local road involved in the present suit as leading from Sulphur Springs near Martin Springs via Reily Springs to county line as a road to be constructed or aided out of the proceeds of the bonds, and as setting aside for use such amount as might be needed for the construction of the full length of the road, and including a connection with the state highway running north and south, although and notwithstanding the route of such state highway in final designation was laid to run, not along, but away from, such road. Likewise the Shooks Chapel and Cross Roads road involved in the suit was to be constructed or aided out of the proceeds of the bonds.

"Therefore the plaintiffs would be entitled to have the routes so absolutely fixed by the order enforced to the full extent of the order, in the event the commissioners' court refused or failed to expend or use the proceeds derived from the bonds and allocated to the local roads mentioned in the construction of such local roads . . ."

In view of the holding in said opinion and the other authorities herein quoted, we are of the opinion that the Commissioners' Court of Hopkins County is bound by the order of May 28, 1929, and that said Commissioners' Court cannot issue more than

Twelve Thousand Dollars ($12,000.00) in bonds per annum for maintenance purposes.

We trust that this sufficiently answers your questions.

Respectfully,

ATTORNEY GENERAL OF TEXAS

By       *R J. (Bob) Long*
           Bob Long
           Assistant

BL/JCP APPROVED AUG

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN