

# THE ATTORNEY GENERAL
## OF TEXAS

GROVER SELLERS

JOHN BEN SHEPPERD

ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 1, 1946

Honorable Arthur Foster
County Attorney, Haskell County
Haskell, Texas

Dear Sir:                    Opinion O-7213
                             Re: Can the Commissioners' Court of
                                 Haskell County sell the Series
                                 D issue of bonds and use the
                                 funds for the purpose of aiding
                                 in the construction of and
                                 purchasing right of way for farm
                                 to market roads in said County?

We acknowledge receipt of the opinion request of Honorable
Fred Stockdale, District Attorney, 39th Judicial District, and
we quote from his letter as follows:

   "The Commissioners' Court of Haskell County desire to have
   an opinion from your department concerning certain road
   bonds previously voted and issued. Kindly address your
   reply to Honorable Arthur Foster, County Attorney of
   Haskell County.

   "Haskell County now holds an issue of $243,000.00 road
   bonds which have not been sold. This issue is a part of
   an original issue of $760,000, and were designated as
   Series D. I have before me a transcript of the original
   bond issue showing this particular $243,000.00 Series D
   being a part of said issue and the certificate of the
   Attorney General appearing in this Series D transcript is
   dated April 4, 1941, and at the bottom of said certificate
   appears # 1975, Book #8.

   "It is my understanding that this original issue was
   voted and issued for the purpose of aiding in the purchase
   of right of way and construction of state highways and
   bridges through the county. However, this work has al-
   ready been completed. At this time the Commissioners'
   Court proposes to obtain right of way for farm to market
   roads which were not contemplated at the time of the
   original issue.

   "The question is submitted: Can the Commissioners Court

> of Haskell County sell the above Series D issue and
> use the funds for the purpose of aiding in the con-
> struction of and purchasing right of way for farm to
> market roads in said county. A certified copy of the
> pre election order is enclosed. The following authorities
> are also submitted: Black vs. Strength, 246 S.W. 79;
> Aransas County, et al vs. Coleman-Fulton Pasture Co. et al,
> 191 SW 556; Fletcher vs. Ely, 53 SW (2) 817; Sparks vs.
> Sparks 189 SW (2) 354."

We have carefully examined the transcript of
the proceedings on file in the Comptroller's office authorizing
the issuance of the bonds mentioned in your request, and we
find that said bonds were issued "for the purpose of the
construction, maintenance and operation of macadamized, graveled
or paved roads and turnpikes, or in aid thereof, in said County,
under and by virtue of Section 52 of Article 3 of the Consti-
tution of the State of Texas, and under the laws enacted pur-
suant thereto, including Chapter 16 Acts of the First Called
Session of the 39th Legislature ***."

It appears from the proceedings that no reference was made
"earmarking" the money for a particular road or a particular
type of construction. We are furnished with no facts or orders
showing that the proceeds of said bonds were "earmarked".

Based on the transcript of proceedings that we have before us,
it is our opinion that the Commissioners' Court of Haskell
County may sell the Seried D issue of bonds and use the funds
for the purpose of aiding in the construction of and purchasing
right-of-way for far-to-market roads in said County.

If we are in error in assuming that no conditions were attached
to said bonds, as hereinbefore state, a different conclusion
would result.

> In this Department's opinion No. 0-2088, we held as follows:

> "*** The authorities seem to hold that the approval of
> the electors of the proposed bond issue with whatever terms
> and conditions that the governing body imposes thereon
> previous to the election, creates a status analogous to a
> contractual relation. In construing a similar order passed
> by a commissioners' court prior to a county-wide bond
> election, the Supreme Court of Texas in the case of Black
> et al v. Strength et al., 246 S.W. 79, said:

> "'The order would not have been made save with a view to
> its being relied on by the voters. With the bond issue
> authorized by votes cast in reliance on the order, as
> must be assumed, it could not be arbitrarily ignored or
> repudiated without involving the perpetration of fraud or

its equivalent on the voters.

"'Under these circumstances, the order was, in effect, a contract with the people, and good faith required that the constract be kept.'

"Any other rule would tend to undermine public confidence in the acts of public officers. See also Golden Gate Bridge and Highway District v. Filmer, 21 Pac. (2d) 112; Perry v. Los Angeles, 203 Pac. 992."

We believe that there is some error in the facts stated in the opinion request wherein the statement was made that Haskell County holds as issue of $243,000 road bonds which have not been sold. We have checked with the Board of County and District Road Indebtedness, and their records reveal that $105,000 Haskell County Road Bonds Series D have been sold and that said bonds participate in the County and Road District Highway Fund.

We call your attention to our opinion No. O-6706, wherein we held "that under the provisions of Chapter 244, Acts of the 48th Legislature, Regular Session 1943, the State Highway Commission is authorized to designate farm-to-market roads, provided the Commissioners' Court in which any such county road is located shall pass and enter in its minutes an order waiving any rights such county may have for participation by the State in any indebtedness incurred by the county in the construction of such county roads." For your information a copy of this opinion is enclosed.

Trusting that this answers your questions, we are

Very truly yours,

ATTORNEY GENERAL OF TEXAS

s/ Claud O. Boothman

BY:

APPROVED MAY 2, 1946
s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

Claud O. Boothman
Assistant

COB:V/cg

Approved Opinion Committee By BWB, Chairman