

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

August 6, 1948

Hon. W. K. Baldridge
County Attorney
Denton County
Denton, Texas

Opinion No. V-652

Re: Authority of the Com-
missioners' Court to
use the described road
bond funds to erect
bridges, culverts, and
approaches to connect
private property to
farm-to-market roads.

Dear Sir:

Reference is made to your recent request
which reads, in part, as follows:

"Pursuant to the provisions of Arti-
cle 3, Section 52, sub-section (c) of the
Constitution of Texas, and Article 752a,
R. C. S. 1925, (Acts 1926, 39th Leg., 1st
C.S., P. 23, Ch. 16, #1) an election was
held in Denton County, Texas, on the 5th
day of November, 1946, and the following
issue was carried by more than a two-thirds
majority, to-wit: 'For the issuance of road
bonds and the levy of ad valorem taxes in
payment thereof, to-wit, $250,000 road bonds
for the purpose of purchasing rights-of-way
and to pay all necessary costs and damages
incident thereto.' The bonds were issued
and sold and the proceeds were deposited
in a fund known as 'Right-of-way fund.'
The said fund has been partially consum-
ed and expended in purchasing right-of-
way for farm-to-market roads and in pay-
ment of condemnation awards.

"The title to the roads and right-of-
way aforesaid was placed in the State of
Texas, the State of Texas built the roads
and has assumed the obligation to repair
and maintain said roads.

"As a result of the construction of
the roads, drainage areas and ditch back
slopes, travel from the road to private
adjoining property became difficult and
impossible in some instances.  At the re-
quest of some owners of adjoining private
property, some county commissioners erect-
ed culverts, bridges and driveways across
ditches connecting private property with
the roadway . . .

". . . I shall appreciate it very
much if you will give me your opinion as
to whether the County Commissioners Court
can expend any portion of the said 'Right-
of-way Fund' (derived from the sale of
bonds as aforesaid) for the construction
and erection of bridges, culverts and ap-
proaches connecting private property with
State designated and maintained Farm-to-
market roads.  I call your attention to
the fact that the bridges and culverts
are constructed not upon private proper-
ty but in and upon the highway right-of-
way and in the ditches and drainage areas
of said right-of-way."

Article 6674q-4 provides, in part, as follows:

"All further improvement of said
State Highway System shall be made under
the exclusive and direct control of the
State Highway Department and with appro-
priations made by the Legislature out of
the State Highway Fund.  Surveys, plans
and specifications and estimates for all
further construction and improvement of
said system shall be made, prepared and
paid for by the State Highway Department.
No further improvement of said system
shall be made with the aid of or with any
moneys furnished by the counties except
the acquisition of right-of-ways which
may be furnished by the counties, their
subdivisions or defined road districts."

It is stated by the court in the case of Gab-
bert v. City of Brownwood, 176 S.W.(2d) 344 that:

"It is settled by the decisions that

the last quoted statutory provision did operate to transfer the former jurisdiction of counties and/or county commissioners' courts over state highways within county limits to the State Highway Commission."

The bond issue in question was voted for the purpose of "purchasing rights-of-way and to pay all necessary costs and damages incident thereto."

The Court, in passing upon this question in the case of Fletcher v. Ely, 53 S.W.(2d) 817, writ refused, lays down this well-settled proposition:

"That, when the voters thus speak, the proceeds of the bond issue are 'ear marked' with the character of a trust fund which may not be diverted to another purpose or project, any such attempt will be enjoined by a court of equity. The result thus obtained has been referred to as having the binding effect and force of a contract. Black v. Strength, 112 Tex. 188, 246 S.W. 79; 19 R. C. L. pp. 1163, 1164; Roane County Court v. O'Brien, 95 W. Va. 32, 122 S.E. 352, 355."

In view of the foregoing, it is our opinion that the County Commissioners' Court may not expend any portion of the said right-of-way fund for the construction and erection of bridges, culverts and approaches connecting private property with State designated and maintained farm-to-market roads.

## SUMMARY

The County Commissioners' Court may not expend any portion of the Right-of-way Fund (derived from the sale of bonds) for the construction and erection of bridges, culverts, and approaches connecting private property with State designated and maintained farm-to-market roads. Fletcher v. Ely, 53 S.W.(2d) 817.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By ~~Bruce Allen~~ Bruce Allen
Assistant

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL
BA/wb:mw