**W. V. KENNEDY et al., Appellants,**

v.

**BOARD OF SCHOOL TRUSTEES OF SUL-
PHUR SPRINGS INDEPENDENT
SCHOOL DISTRICT, Appellee.**

No. 7159.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 11, 1959.

Rehearing Denied Sept. 1, 1959.

Howard S. Smith, Sulphur Springs, Woodrow H. Edwards, Mt. Vernon, for appellants.

Fisher, McLaughlin & Harrison, O. B. Fisher, Paris, for appellee.

DAVIS, Justice.

Appellants, 30 resident, qualified, tax-paying voters of the Sulphur Springs Independent School District of Hopkins County, Texas, filed suit for mandatory injunction against the Board of Trustees of Sulphur Springs Independent School District to require the Board to call another election under Article 2786a, Vernon's Ann.Civ.St., to cancel the authority of the Board to issue $400,000 in bonds; the

Board having refused to act upon the request. Trial was to a jury and upon a verdict favorable to appellee the trial court entered its judgment that appellants take nothing, hence the appeal.

Appellants bring forward 20 points of error, but we do not think any of them merit consideration because of the law as laid down in Huntsville Independent School District v. McAdams, 148 Tex. 120, 221 S.W.2d 546, and that appellee's motion for instructed verdict should have been granted. Under the pleading and proof in the case there was no actual showing of a change of condition subsequent to the election which was held on May 20, 1958, or that the taxes levied and assessed against the property taxpayers created a gross injustice to the individual taxpayer as such.

There was no showing that the levy and collection of school taxes was done with such irregularity that it would, in effect, invalidate all the school taxes in the district, nor did the taxpayers show that each had sustained substantial injury by reason of the assessment and equalization procedures used. This was necessary in order to obtain the relief sought as pointed out in the case of Weinberg v. Molder, Tex.Civ.App., 312 S.W.2d 393, wr. ref., n. r. e.

The rights of the parties to this case are fully set out and the applicability of Article 2786a, V.A.C.S., is discussed at length by the Supreme Court in Huntsville Independent School District v. McAdams, supra. In that case the Supreme Court found, and rightfully so, that the statute contained an ambiguity. Then it went on to state the purposes of the statute and to give the school district a right to change the election in the event there occurred a change of conditions. A careful study of that opinion is recommended.

Appellants contend that they base their suit upon the holding of the Supreme Court of Texas in the case of Black v. Strength, 112 Tex. 188, 246 S.W. 79. In this case, the Commissioners' Court of Harrison County had entered an order in its regular minutes prior to the election, that certain roads in Harrison County would be improved if the bond carried. After the election, the Commissioners' Court decided upon a process of improving roads not incorporated in the previous order. Suit was for a mandatory injunction to prohibit the Commissioners' Court from otherwise expending the money as required in the order prior to the election. The Supreme Court held, and rightfully so, that to change the process for which the bonds were voted would be a mode of defeating the purpose of the bond election, changed the conditions of election, and entitled the plaintiff to the relief sought.

We have carefully reviewed the record in this case and find the judgment of the trial court to be correct and all of appellants' points of error are overruled.

The judgment of the trial court is affirmed.

FANNING, J., disqualified and not participating by reason of ownership of taxable property within the school district affected by the litigation.