

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 5, 1961

Honorable R. E. Gray
County Attorney
San Saba County
San Saba, Texas

Opinion No. WW-1082

Re: Use of bond proceeds.

Dear Mr. Gray:

You request an opinion based on the following facts:

In a 1938 election in San Saba County the issue was whether or not the voters favored the authorization of a $138,000.00 bond issue under the terms of Section 52, Article III, Constitution of Texas, and Acts 39th Legislature (1926), 1st Called Session, Ch. 16.

In all phases of the election proceedings specific projects were named and a definite sum of the proceeds of the proposed bond issue was allotted each. The purpose and use of the money, dollar for dollar, was predetermined by the Commissioners' Court in the event the voters authorized the issuance of the bonds.

The voters sustained the proposition by the necessary two-thirds (2/3) majority. The bonds were issued as "San Saba County, Texas, Road Bonds, Series 1938," $138,-000.00.

The one voted proposition pertinent here read:

"To assist in constructing a new bridge
across the Colorado River at Northwest,
Ten Thousand Dollars ($10,000.00)"

We are advised that this bridge has never been built and there is no bridge of any nature at that site.

You inform us that all of the bonds in the 1938 Series have been retired and request an opinion as to the disposition of the $10,000.00.

It is fundamental that proceeds from the sale of bonds can be legally expended only for the purpose for which they were voted.

> Gordon v. Commissioners' Court of Jefferson
>     County, 310 S.W.2d 761 (Civ.App.1958, error
>     ref. n.r.e.);
> Lewis v. City of Fort Worth, 126 Tex. 458,
>     89 S.W.2d 975 (1936);
> Gillham v. City of Dallas, 207 S.W.2d 978 (Civ.
>     App. 1948, error ref. n.r.e.);
> Wright v. Allen, 257 S.W. 980 (Civ.App. 1924,
>     error ref.);
> Black v. Strength, 112 Tex. 188, 246 S.W.79
>     (1922);
> Moore v. Coffman, 109 Tex. 93, 200 S.W. 374
>     (1918).

Consequently, your first question, whether the money can be spent on general road improvements in a certain precinct, is answered in the negative.

Your second question is: "If not, in which fund shall the money be placed?" The bonds were voted under the provisions of Acts 39th Leg., 1st C.S., Ch. 16, p. 23. Section 12 thereof treats of the sale of such bonds and provides:

> ". . . the purchase money therefor shall
> be placed in the county treasury of such
> county to the credit of the available
> road fund . . ."

In this case the money may be placed in the available road fund but it may be expended only as directed in the voted proposition.

## SUMMARY

Bond proceeds cannot be legally
diverted from the purpose for
which they were voted.

Very truly yours,

WILL WILSON
Attorney General

By

Grandy Williams
Assistant

GW-s

APPROVED:

OPINION COMMITTEE:
W. V. Geppert, Chairman

Joe Osborn
Arthur Sandlin
Linward Shivers

Reviewed for the Attorney General
By:  Morgan Nesbitt