

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

January 11, 1967

Honorable Henry Wade
District Attorney
Dallas County
Dallas, Texas

Opinion No. M-4

Re: Use of bond proceeds.

Dear Mr. Wade:

You have requested our opinion concerning the use of the proceeds of $7,500,000 of bonds issued by Dallas County Hospital District[1] under the certain facts submitted with your opinion request.

The Board of Hospital Managers[2] of the District officially concluded that certain specific improvements to the District should be made. An amount for each specified improvement was set forth in the Board's minutes and the total amount for all improvements was $7,500,000. The Board resolved that the Dallas County Commissioners' Court[3] be requested to call an election on October 13, 1964, on the question of issuance of $7,500,000 in bonds "for said Hospital District improvements". On December 12, 1964, the Commissioners' Court submitted the following proposition, as relevant herein, to the electorate:

> "Shall the Commissioners' Court of Dallas
> County, Texas, have the power and authority
> to issue the bonds of the Dallas County
> Hospital District, . . . in the aggregate
> principal amount of $7,500,000, . . . for
> the purpose of constructing enlargements
> and improvements to the District's hospital
> . . .".

---

[1] Hereinafter referred to as "the District".
[2] Hereinafter referred to as "the Board".
[3] Hereinafter referred to as "the Commissioners' Court".

You further state that there is no reference in the Minutes of the Commissioners' Court to the meeting or minutes of said meeting of the Board at which the resolution was made concerning the improvements. A private group of citizens interested in the approval of these bonds circulated a brochure setting out proposed purposes and "estimated costs" similar to those in the Board's resolution. The voters of the District approved the issuance of the bonds. Thereafter an official "Notice of Sale" of these bonds was published which stated that the bond proceeds would be used "substantially" as specified therein and set forth purposes and amounts similar to those in the Board's resolution. The bonds were subsequently issued, sold and delivered and the proceeds received by the District.

It now appears that the lowest and best bids for constructing certain of the specified improvements will exceed the amounts previously contemplated. You ask:

> "In light of the stated fact situation, may the Dallas County Hospital District use a greater amount of bond proceeds than are earmarked for a listed project even though this may cause a shortage of funds for the later projects on the list of improvements?"

It must first be determined whether there were valid designations upon which the voters could rely as to the particular improvements to be made and the amount to be spent on each. Once valid designations have been made and relied upon, they cannot be ignored or repudiated without perpetrating a fraud or its equivalent on the voters. Black v. Strength, 112 Tex.188, 246 S.W. 79 (1922). All valid pre-election orders, and not only the voted proposition, must be considered in determining whether there has been a valid designation. There must be compliance with all valid pre-election orders to insure that the electorate will receive the benefits expected at the time of the election. Thayer v. Greer, 229 S.W.2d 833(Tex.Civ.App. 1950, error ref. n.r.e.). See also Moore v. Coffman, 109 Tex. 93,

- 14 -

200 S.W. 374 (1918) and Fletcher v. Ely, 53 S.W.2d 817
(Tex.Civ.App. 1932, error ref.). Where the proceeds of
a bond issue are designated for a particular use or uses
either in an order calling a bond election or in a con-
temporaneous order, then such order or orders must be
treated as a contract between the governing body, the
Commissioners' Court in this instance, and the electorate.
Wright v. Allen, 257 S.W. 980 (Tex.Civ.App. 1924, error
ref.). Under the facts submitted, the only order entered
by the Commissioners' Court was the order calling the
election which clearly did not make any designations re-
garding the use of the bond proceeds.

The District was created pursuant to the provi-
sions of Article 4494n, V.C.S., which authorizes the Com-
missioners' Court to issue bonds for the purposes set forth
in the proposition which was submitted to the voters. Under
Section 3 of Article 4494n the Commissioners' Court may call
a bond election on its own motion or it shall call an elec-
tion at the request of the Board.

Since there was no specific designation by the
Commissioners' Court regarding the use of the proceeds of
the bonds in question, it must be determined whether the
Commissioners' Court was acting at the request of the Board
in calling the election or in any way adopted or ratified
the Board's resolution in the pre-election proceedings.
Under the submitted facts, the Commissioners' Court did not
refer to the Board's resolution to request the Commissioners'
Court to call an election in either the order calling the
election or in the minutes of the meeting at which the
election was called. There is no indication in the fact
statement set forth in your opinion request that the Com-
missioners' Court adopted or ratified the Board's resolu-
tion, either directly or indirectly, prior to the election
which authorized the issuance of the bonds in question.
The proposition which was submitted to the electorate asked
only whether they would approve the issuance of $7,500,000
of bonds "for the purpose of constructing enlargements and
improvements to the District's hospital". The Commissioners'
Court did not set forth various projects, or the amount of
money to be expended on each project, at any time prior to

- 15 -

the election, although such designation could have been made had the Commissioners' Court so desired. Further, the Commissioners' Court did not call the election on the date mentioned in the Board's resolution. In the light of the facts set forth in your opinion request we must conclude that the Commissioners' Court was acting on its own motion in calling the bond election on December 12, 1964. We accordingly hold that the only restriction placed on the District in the expenditure of the proceeds from the sale of the bonds in question is that the funds must be spent on constructing enlargements and improvements of the District's hospital in compliance with the provisions of Article 4494n. So long as the funds are so expended, the voters are not being deprived of any benefits which could have been expected by them at the time of the election. See Lewis v. City of Fort Worth, 126 Tex. 458, 89 S.W.2d 975 (1936) and Garcia v. Duval County, 354 S.W.2d 237 (Tex.Civ. App. 1962, error ref. n.r.e.).

Under the facts submitted, the pre-election publicity brochure was never adopted or ratified by appropriate order of the Commissioners' Court, and it is therefore merely an expression of opinion by those who signed it and does not constitute a pre-election promise by the Board or the Commissioners' Court. Conrad v. Pendleton County, 209 Ky. 509, 273 S.W.57 (1925). Clearly the notice of sale of the bonds could not have been relied upon by the electorate, as it was published subsequent to the election authorizing the issuance of the bonds.

## SUMMARY

Under the facts submitted, the only restriction placed upon the expenditure of the proceeds of the bonds in question is that the funds must be expended on constructing enlargements and improvements of the District's hospital.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

JWFJr-s

Prepared by JOHN W. FAINTER, JR.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Robert Flowers
Pat Bailey
Ralph Rash
John Reeves

Staff Legal Assistant
A. J. Carubbi, Jr.