

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

August 4, 1975

The Honorable Ronald L. Wilson
Criminal District Attorney
405 County Courthouse
Galveston, Texas 77550

Opinion No. H-658

Re: Whether Galveston County may
use the proceeds from certain pre-
viously authorized bonds for other
road projects within the county.

Dear Mr. Wilson:

You have requested our opinion regarding whether Galveston County
may use the proceeds from certain previously authorized bonds for other road
projects within the County. You state that on October 20, 1969, the Commission-
ers Court of Galveston County adopted an order committing the Court to allocate
$5 million from a proposed bond election to partial construction of the Bolivar
Crossing on State Highway 87. Thereafter, on October 27, 1969, the Court called
the bond election, setting it for December 9, 1969. The bonds were approved by
the voters by the requisite margin but have not been sold. Since present costs of
construction of the Bolivar Crossing greatly exceed previous estimates, the
Commissioners Court now wishes to divert the $5 million committed to that pro-
ject to other road projects within the County.

It is well established that a commissioners court may, by pre-election
orders, fix the exact purpose for which bond proceeds are to be used. Fletcher
v. Ely, 53 S.W.2d 817, 818 (Tex. Civ. App. -- Amarillo 1932-writ ref'd). Where
a pre-election order so states a specific purpose, the courts will enjoin diversion
of the bond proceeds to any other purpose. Id., at 818. Since the order is made:

> with a view to its being relied on by the voters
> . . . it [may] not be arbitrarily ignored or re-
> pudiated without involving the perpetration of
> fraud or its equivalent on the voters . . . .
>
> . . .
>
> [T]he will of those having to bear the bond
> burden should not be defeated by a mere
> change of mind on the part of the members of
> the commissioners court with respect to the
> particular roads needing improvement, [since]
> any other rule would tend to undermine public
> confidence in the acts of public officers. Black
> v. Strenght, 246 S.W. 79, 80 (Tex. Sup. 1922).

p. 2887

See also  Wright v. Allen, 257 S. W. 980 (Tex. Civ. App. --Dallas, 1923, writ ref'd).

The only recognized exception to the general rule that commissioners court must not divert bond proceeds from the purposes stated in its pre-election orders occurs where evidence indicates that conditions have so materially changed since the bonds were voted that use of the bond proceeds for the particular named purpose would be "an unwise and unnecessary expenditure" of public funds. Hudson v. San Antonio Independent School District, 95 S. W. 2d 673, 674-75 (Tex. Sup. 1936). In our view, however, the Hudson rationale is limited to the situation in which the project is determined to be unwise and unnecessary subsequent to the sale of the bonds.

Since the bonds approved for the Bolivar Crossing project have not been sold, we do not believe the Hudson principle to be applicable. Accordingly, it is our opinion that the Commissioners Court of Galveston County may not divert to other road projects within the County $5 million in bond proceeds committed to the Bolivar Crossing project in a pre-election order. We do not mean to imply, however, that the bond proceeds must necessarily be expended upon the Bolivar Crossing project. Article 717g, V. T. C. S., confers discretion upon the commissioners court as to whether to order a revocation election. See Attorney General Opinion H-592 (1975).

## SUMMARY

The Commissioners Court of Galveston County may not divert to other road projects within the county $5 million in bond proceeds committed to the Bolivar Crossing project in a pre-election order.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jad: